## CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Commonwealth of Virginia

v.

Sherman Emanuel Jones

March 24, 1992

Case No. (Criminal) 91–227

BY JUDGE JAY T. SWETT

The defendant has filed a motion to suppress evidence taken from the defendant on June 28, 1991. At the suppression hearing held on February 12, 1992, the parties stipulated that the evidence would disclose the following facts.

At approximately 4:45 a.m. on June 28, 1991, the defendant was seen by a police officer walking on or near 10th Street in Charlottesville carrying a television on his shoulder. Suspecting that the defendant was carrying a stolen television, the officer approached the defendant. When asked by the officer where he got the television or who owned it, the defendant said that he had recently found it. The officer's suspicion was increased when he saw no condensation on the television and also noticed dust on the surface. In response to the officer's question, the defendant told the officer where he had found it. The officer asked the defendant to take him to the location. The defendant agreed but then took the officer to a different place. The officer than obtained the serial number from the television and radioed in a request to the police station to see if it was on a stolen property report. The response came back that the television had not been reported stolen. Still not believing the defendant, the officer took the television and a remote control device from him. The officer told him that he could come down to the police station later and recover the television and remote control. The defendant was permitted to depart.

Later in the day, a report was received by the police that a television with the same serial number as the one seized from the defend-

ant had been reported stolen either late on the evening of June 27 or early morning on June 28. Based on that report, the defendant was arrested and charged with breaking and entering and grand larceny.

For purposes of the suppression motion, the Commonwealth concedes, as it must, that the taking of the television from the defendant was a warrantless seizure. It did not concede that the officer lacked probable cause. However, for purposes of this motion, it conceded that there were no exigent circumstances that would have justified the warrantless seizure. The Commonwealth has limited its argument here to the question of standing, arguing that the defendant cannot assert a Fourth Amendment right regarding the seizure of stolen or found property.

The defendant argues that he had a legitimate interest protected under the Fourth Amendment and that the seizure was unlawful requiring suppression of the television as evidence at trial. The defendant argues that the question of standing must be analyzed in light of the facts known to the police officer at the time the property was seized. Here, the evidence was that the officer, while he suspected that the television had been stolen, was told by the defendant that he had just found it. Other than the officer's suspicion that it was stolen, the officer had no other information or basis to dispute what the defendant told him. It was only later that the officer learned the television was stolen property. Accordingly, the defendant claims that he had *at that time* a sufficient property interest in the television to now argue that the seizure was unlawful. That the television was later determined to be stolen property is, argues the defendant, not to be considered in resolving the issue of whether the defendant may assert a Fourth Amendment right claiming the property was unlawfully seized.

This Court has found no authority directly on point. The defendant relies on *Arizona v. Hicks*, 480 U.S. 321 (1987). In *Hicks*, the police were in the defendant's apartment investigating a shooting. In the course of the investigation, the officer noticed stereo equipment which the officer suspected was stolen. The officer picked up a turntable to obtain the serial number. After running a check on the serial number, he confirmed that the turntable was stolen property and the defendant was charged with robbery.

In *Hicks*, the Supreme Court held that the stereo equipment was improperly seized because the officer did not have probable cause to

believe that the stereo equipment had been stolen when he moved it in order to get a look at the serial number. In analyzing *Arizona v. Hicks, supra,* it must be remembered what was at issue. First, the officer was properly in the defendant's apartment investigating a shooting. Although he did not have a search warrant, exigent circumstances did permit him to legitimately conduct a search in the apartment for persons and/or weapons related to the shooting that had just occurred. Second, the turntable had nothing to do with the investigation of the shooting. The issue to be decided was whether the "plain view" doctrine justified the officer's moving the turntable in order to obtain the serial number which he then radioed in to learn that it was stolen. The Court held that moving the turntable in order to obtain the serial number which he then radioed in to learn that it was stolen. The Court held that moving the turntable *was a search* for which there would have to be probable cause to believe that the stereo equipment was stolen. Of importance is the fact that the probable cause had to exist at the time the turntable was moved. The police in *Arizona v. Hicks* conceded that the officer did not have such probable cause at the time he moved it to read the serial number. Thus, *Arizona v. Hicks* dealt with a search and not a seizure. The Court held that probable cause is required in order to invoke the "plain view" doctrine for searches.[1] Accordingly, *Arizona v. Hicks,* does not dictate what the result is in this case. The issue of whether the defendant in *Arizona v. Hicks* had standing to assert a Fourth Amendment right against an unlawful seizure was not an issue in that case.

Over the years, there have been several attempts by the Supreme court to deal with the issue of standing and who is entitled to assert a violation of rights protected by the Fourth Amendment. The latest case is *Rakas v. Illinois,* 439 U.S. 128 (1978), where the Court framed the issue in the context of whether a defendant has a sufficient and legitimate expectation of privacy in the place to be searched or the thing to be seized. 439 U.S. at 143. This issue was recently discussed in *Josephs v. Commonwealth,* 10 Va. App. 87 (1990). In *Josephs,* the defendant was charged with distribution of marijuana. A substantial quantity of marijuana was found in the

---

[1] Whether probable cause was necessary to justify a search or a seizure under the "plain view" doctrine had not previously been addressed by the Supreme Court.

trunk of a car in which the defendant was a passenger. The car had been stopped by a police officer who had become suspicious of the actions of the driver. During the course of the investigatory stop, the officer determined that the occupants of the vehicle were not authorized to be in possession of it and charged the driver and the defendant with larceny of the automobile. The officer then asked the driver if he would consent to a search of the trunk, and the driver refused. The officer searched it anyway and found the marijuana.

The defendant passenger moved to suppress the marijuana found in the trunk arguing that the initial stop of the vehicle and the search of the trunk violated her Fourth Amendment rights. In holding that the defendant lacked standing to assert a Fourth Amendment right, the Court of Appeals held that she could assert neither a property nor a possessory interest in an automobile which was later proven to be stolen. The Court focused on the nature of the privacy interest sought to be protected by the Fourth Amendment and concluded that there is no legitimate protected privacy interest in stolen property. 10 Va. App. at 97.

Although *Rakas* and *Josephs* deal primarily with standing to challenge a search, the principles are applicable in a seizure case such as the one here. The inquiry is not, as the defendant argues, whether the defendant had a legitimate, protected Fourth Amendment interest in a "found" TV. The issue is, from the defendant's perspective, did he have a legitimate privacy interest in a television that was determined to have been stolen. While it is true the officer did not know that it was a stolen TV at the time the TV was seized, that does not affect the nature of the privacy interest *of the defendant* in the TV. It is the defendant who has the burden to show a legitimate protectable interest in the property in order to claim the protection of the Fourth Amendment. From the defendant's perspective, what legitimate and protectable interest can he assert in a TV that was stolen within a few hours before it was seized by the police? Surely the defendant's interest is not created and measured simply by his assertion that he had just found it. And while it is true that his mere possession of the TV might create a property interest in it under traditional notions of property law, it is not a sufficient interest or the kind of interest that generates a reasonable expectation of privacy protected by the Fourth Amendment.

Accordingly, for the reasons stated herein, the defendant's motion to suppress is denied.